IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT GARY, JR.,** | : | **CIVIL NO. 1:13-CV-2540** |
| | : | |
| **Plaintiff** | : | **(Judge Kane)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **PENNSYLVANIA DEP'T OF LABOR** | : | |
| **& INDUSTRY, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case.

This is a *pro se* civil rights action brought by Robert Gary, a litigant in an on-going state worker's compensation case.  Gary commenced this action by filing a complaint on October 9 2013.  (Doc. 3.)  Gary's *pro se* complaint is a spare document. In it, he names the Pennsylvania Department of Labor and Industry, and three supervisory officials at this state agency, Julia Hearthway, Secretary, Alfonso Frioni, Chairman, and William Trusky, Secretary of the Board, as defendants.  (Id.)  While Gary names these three supervisory officials as individual defendants in the caption of this case, the factual narrative in his complaint contains absolutely no reference to these defendants, or any actions taken by them with respect to Mr. Gary.  (Id., p. 3.) Instead, Gary simply seems to generally critique and protest the pace of decision-

making in this state agency, a pace of decision-making which Gary contends violates his rights under the state and federal constitutions.  (Id.)  On the basis of these bare-bones assertions, Gary demands $50,000,000 in damages from the defendants, along with other unspecified injunctive relief. (Id.)

The defendants have filed a motion to dismiss this complaint, alleging that the complaint fails to state a cause of action upon which relief can be granted.  (Doc. 9.) This motion has been fully briefed by the parties and is now ripe for resolution.  For the reasons set forth below, it is recommended that the motions to dismiss be granted and the plaintiff's complaint dismissed without prejudice to renewal of these claims in an amended complaint that complies with the requirements of federal law.

## II.     Discussion

### A.     Rule 12(b)(6)– The Legal Standard

The defendants have moved to dismiss this complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years.  Beginning with the Supreme Court's opinion in Bell

> Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff.  Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994).  However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).  As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do."  Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level."  Id.

In keeping with the principles of <u>Twombly</u>, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss.  In <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id.</u> at 679.  According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> at 678.  Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

<u>Id.</u> at 679.

Thus, following <u>Twombly</u> and <u>Iqbal</u> a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.  As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis.  First, the

factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'  In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the court of appeals has observed:  "The Supreme Court in Twombly set forth the 'plausibility' standard for overcoming a motion to dismiss and refined this approach in Iqbal.  The plausibility standard requires the complaint to allege 'enough facts to state a claim to relief that is plausible on its face.'  Twombly, 550 U.S. at 570, 127 S.Ct. 1955.  A complaint satisfies the plausibility standard when the factual pleadings 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955).  This standard requires showing 'more than a sheer possibility that a defendant has acted unlawfully.'  Id.  A complaint which pleads facts 'merely consistent with' a defendant's liability, [ ] 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011) cert. denied, 132 S. Ct. 1861 (U.S. 2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:  "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947.  Second, the court should identify

allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950.  Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In undertaking this task, the court generally relies only on the complaint, attached exhibits, and matters of public record.  Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007).  The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).  Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002); see also, U.S. Express Lines, Ltd. v. Higgins, 281 F.3d382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment.")  However, the court may not rely on other parts of the record in determining a motion to dismiss.  Jordan v. Fox, Rothschild, O'Brien &Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

## B. Gary's Claims Fail As a Matter of Law As They Are Currently Pleaded

Judged against these legal benchmarks, Gary's claims fail as a matter of law for at least four reasons.

### 1. The Eleventh Amendment to the United States Constitution Bars This Lawsuit Against a State Agency

At the outset, to the extent that Gary seeks $50,000,000 in damages from the Department of Labor and Industry in this case, dismissal of the state agency named as a defendant in this complaint is warranted because the complaint fails to meet the substantive standards required by law, in that it does not set forth a "short and plain"

statement of a cognizable violation of some right guaranteed by the Constitution or laws of the United States.  In particular, we note that, this *pro se* complaint runs afoul of basic constitutional and statutory rules limiting lawsuits against state agencies and officials.

First, as a matter of constitutional law, the Eleventh Amendment to the Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the . . . States . . . .", U. S. Const. Amend XI.  By its terms, the Eleventh Amendment strictly limits the power of federal courts to entertain cases brought by citizens against the state and state agencies.  Moreover, a suit brought against an individual acting in his or her official capacity constitutes a suit against the state and therefore also is barred by the Eleventh Amendment.  Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).

Pursuant to the Eleventh Amendment, states, state agencies and state officials who are sued in their official capacity are generally immune from lawsuits in federal courts brought against them by citizens.  Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996).  Under the Eleventh Amendment, the Commonwealth's immunity exists as a matter of law unless waived by the state, or expressly and unequivocally abrogated by Congress.  Congress has not expressly abrogated this constitutional immunity with respect to federal civil rights lawsuits against the Pennsylvania State Police, and the

Commonwealth clearly has not waived its immunity.   Quite the contrary, the Commonwealth has specifically by statute invoked its Eleventh Amendment immunity in 42 Pa.C.S.A. §8521(b).   This, while Pennsylvania has, by law, waived sovereign immunity in limited categories of cases brought against the Commonwealth in state court, See 42 Pa.C.S.A. §8522, Section 8521(b) flatly states that: "Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States." 42 Pa.C.S.A. §8521(b).

The constitutional protections afforded to the states under the Eleventh Amendment also expressly apply to the state agencies like the Pennsylvania Department of Labor and Industry.   Therefore, the Eleventh Amendment bars claims for damages against the Pennsylvania Department of Labor and Industry, a state agency that did not waive its sovereign immunity.   Foster v. Pennsylvania Human Relations Comm'n., 157 F. App'x 488, 490 (3d Cir. 2005)

Moreover as a matter of statutory interpretation, the plaintiff cannot bring a damages action against this state agency or state officials in their official capacity since it is also well-settled that a state, a state agency, or a state official acting in an official capacity is not a "person" within the meaning of 42 U.S.C. §1983, the principal federal civil rights statute.   Will v. Michigan Dep't. of State Police, 491 U.S. 58, 71 (1989).   In sum, Gary's federal civil rights claims for damages against the

Pennsylvania Department of Labor and Industry are barred both by the Eleventh Amendment to the United States Constitution and by cases construing the federal civil rights statute, 42 U.S.C. §1983.  Therefore, since this state agency cannot be sued for damages in this fashion in federal court, the Pennsylvania Department of Labor and Industry should be dismissed as a defendant from this action.

### 2.  Gary Has Not Stated a Claim Against the Individual Agency Supervisors

Furthermore, as to the supervisory officials named in this complaint–Julia Hearthway, Secretary, Alfonso Frioni, Chairman, and William Trusky, Secretary of the Board–it is clear that claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was an agency supervisor, when the incidents set forth in the complaint occurred.  Quite the contrary, to state a claim under §1983, the plaintiff must show that the supervisory defendants, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. §1983; Morse v. Lower Merion School Dist., 132 F.3d 902 (3d Cir. 1997); see also Maine v.Thiboutot, 448 U.S. 1 (1980).  Liability under § 1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence in the challenged practice.  Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997).  In particular, with respect to agency supervisors it is well-established that:

"A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988).

Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

As the Supreme Court has observed:

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior. . . .* See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); see also Dunlop v. Munroe, 7 Cranch 242, 269, 3 L.Ed. 329 (1812) (a federal official's liability "will only result from his own neglect in not properly superintending the discharge" of his subordinates' duties); Robertson v. Sichel, 127 U.S. 507, 515-516, 8 S.Ct. 1286, 3 L.Ed. 203 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties").  Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.

Ashcroft v. Iqbal,  556 U.S. 662, 676 (2009).

Applying these benchmarks, courts have frequently held that, in the absence of evidence of supervisory knowledge and approval of subordinates' actions, a plaintiff may not maintain an action against supervisors based upon the misdeeds of their subordinates.  O'Connell v. Sobina, No. 06-238, 2008 WL 144199, * 21 (W.D. Pa. Jan. 11, 2008); Neuburger v. Thompson, 305 F. Supp. 2d 521, 535 (W. D. Pa. 2004).

Rather, "[p]ersonal involvement must be alleged *and is only present where the supervisor directed the actions of supervisees or actually knew of the actions and acquiesced in them*.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988)." Jetter v. Beard, 183 F. App'x 178, 181 (3d Cir. 2006)(emphasis added).

Here, with respect to these supervisory officials, Gary does little more than name the supervisory officials in the caption of the case, and then seek to hold those officials personally liable based upon the official's supervisory status without making any specific factual allegations about these defendants in the body of this pleading. To the extent that Gary simply premises the liability of these defendants upon their supervisory status without setting forth any further factual basis for a claim in the body of this pleading, this cursory style of pleading is plainly inadequate to state a claim against a prison supervisor and compels dismissal of these defendants. Hudson v. City of McKeesport, 244 F. App'x 519 (3d Cir. 2007) (affirming dismissal of defendant who was only named in caption of case.)[1]

---

[1]We note that the brief in support of Gary's complaint makes one factual averment relating to defendant Trusky, alleging that Mr. Trusky spoke to Gary over the phone. (Doc. 12.)  This averment cannot save Gary's complaint.  It is well-settled that a plaintiff cannot amend a complaint through the filing of a brief, or through arguments set forth in a brief opposing a dispositive motion.  Indeed, "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir. 1988) (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984)); cf. Frederico v. Home Depot, 507 F.3d 188, 202 (3d Cir. 2007) ("[W]e do not consider after-the-fact allegations in

### 3.    <u>Gary May Not Sue For Damages Under the Pennsylvania Constitution</u>

Moreover, to the extent that the plaintiff seeks damages under the Pennsylvania

Constitution it must be noted that:

> Pennsylvania law does not include a statutory equivalent to 42 U.S.C. §
> 1983, which provides a cause of action for damages because of a federal
> constitutional violation. Moreover, the question of whether the
> Pennsylvania Constitution provides a cause of action for damages
> remains unanswered. <u>Underwood v. Beaver Cnty. C.Y.S.</u>, Civ. A. No.
> 03-1475, 2005 U.S. Dist. LEXIS 23012, at *7 (W.D.Pa. Oct. 7, 2005).
> Nevertheless, a majority of other district courts in this circuit that have
> decided the issue have concluded that money damages are not available
> for claims under the Pennsylvania Constitution. <u>See</u> <u>Ryan v. General
> Machine Prods., 227</u> F.Supp.2d 585, 595 (E.D.Pa.2003) (stating that
> federal courts in the Court of Appeals for the Third Circuit have
> concluded that there is no right to money damages under the
> Pennsylvania Constitution); <u>see also</u> <u>Douris v. Schweiker</u>, 229 F.Supp.2d
> 391, 405 (E.D.Pa.2002); <u>Lees v. West Greene Sch. Dist.,</u> 632 F.Supp.
> 1327, 1335 (W.D.Pa.1986).  Although monetary relief is unavailable,
> "other remedies, such as declaratory or injunctive relief ... are ... remedies
> under the Pennsylvania Constitution." <u>Jones v. City of Philadelphia</u>, 890
> A.2d 1188, 1215-16 (Pa.Commw.Ct.2006) (discussing the lack of a cause
> of action for damages under the Pennsylvania Constitution and declining,
> "without benefit of legislative action," to create such a cause of action.).

<u>O'Hara v. Hanley</u>, No. 08-1393,  2009 WL 2043490, 9 (W.D.Pa. July 8, 2009).

---

determining the sufficiency of [a] complaint under Rules 9(b) and 12(b)(6).").  In
any event, it is not a violation of the Constitution for a public official to accept a
telephone call from a citizen.  Therefore, this averment, standing alone, does not
plead a viable civil rights claim.

In sum, "[t]he prevailing view in this circuit is that 'Pennsylvania does not recognize a private right of action for damages in a suit alleging violation of the Pennsylvania Constitution.' <u>Gary v. Braddock Cemetery</u>, 517 F.3d 195, 207 n. 4 (3d Cir.2008); <u>see also</u> <u>Farrell v. County of Montgomery</u>, No. 05–3593, 2006 WL 166519, at *3 (E.D.Pa. Jan. 18, 2006); <u>Kaucher v. County of Bucks</u>, No. 03–1212, 2005 WL 283628, at *11 (E.D.Pa. Feb. 7, 2005)." <u>Hamilton v. Spriggle</u>, 965 F. Supp. 2d 550, 577 (M.D. Pa. 2013), appeal dismissed (Dec. 23, 2013).  Thus, the state constitution simply may not provide legal footing for any damages claims like those made by the plaintiff in this case.

### C.   <u>The Plaintiff's Demand for a Specified Sum of Damages Should be Stricken</u>

Further, we note that the Court should also strike the various claims for specific sums of unliquidated damages, $50,000,000, from this *pro se* complaint.   In this regard, Rule 12 (f) of the Federal Rules of Civil Procedure imposes a duty on the Court to review pleadings and provides that the Court may upon its own initiative at any time order stricken from any pleading any immaterial matter.  Fed. R. Civ. P. 12(f).  Decisions regarding whether claims may be stricken from a complaint are properly presented to a United States Magistrate Judge for determination in the first instance.  <u>Singh v. Superintending School Committee of the City of Portland</u>, 593 F.

Supp. 1315 (D. Me. 1984). In this case, the plaintiffs' various claims for specified amounts of unliquidated damages violate Local Rule 8.1 which provides, in part, that:

> The demand for judgment required in any pleading in any civil action pursuant to Fed.R.Civ.P.8(a)(3) may set forth generally that the party claiming damages is entitled to monetary relief *but shall not claim any specific sum where unliquidated damages are involved.* The short plain statement of jurisdiction, required by Fed.R.Civ.P.8(a)(1), shall set forth any amounts needed to invoke the jurisdiction of the court but no other.

Local Rule 8.1 (emphasis added).

Since this prayer for relief violates Local Rule 8.1 by specifying particular amounts of unliquidated damages, these specific dollar claims should be stricken from the complaint without prejudice to the plaintiff arguing in any subsequent trial or hearing on the merits for any appropriate amount of damages supported by the evidence.

### D.    The Complaint Should be Dismissed Without Prejudice

While this screening merits analysis calls for dismissal of this action in its current form, Gary should be given another, final opportunity to further litigate this matter by endeavoring to promptly file an amended complaint setting forth well-pleaded claims. We recommend this course mindful of the fact that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave

to amend is not necessary in a case such as this where amendment would be futile or result in undue delay, <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004). Accordingly, it is recommended that the Court provide the plaintiff with an opportunity to correct these deficiencies in the *pro se* complaint, by dismissing this deficient complaint at this time without prejudice to one final effort by the plaintiff to comply with the rules governing civil actions in federal court, by filing an amended complaint containing any proper claims which he may have.

## III.   <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendants' motion to dismiss (Doc. 9.) be GRANTED and the plaintiff's complaint be dismissed without prejudice to the plaintiff endeavoring to correct the defects cited in this report, provided that the plaintiff acts within 20 days of any dismissal order.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge,

however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 23d day of April, 2014.


***S/Martin C.  Carlson***_____
Martin C. Carlson
United States Magistrate Judge