IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT L. GARY, JR., : | | |
| Plaintiff : | No. 1:13-cv-02540 | |
| : | | |
| v. : | (Judge Kane) | |
| : | | |
| PENNSYLVANIA DEPARTMENT OF : | | |
| LABOR AND INDUSTRY, et al., : | (Chief Magistrate Judge Carlson) | |
| Defendants : | | |

**MEMORANDUM**

Before the Court is Chief Magistrate Judge Carlson's Report and Recommendation (Doc. No. 16) addressing Plaintiff Robert L. Gary, Jr.'s complaint (Doc. No. 3), Defendants' motion to dismiss Plaintiff's complaint (Doc. No. 9), and Plaintiff's objections to the Report and Recommendation (Doc. No. 17).  For the reasons that follow, the Court will adopt the Report and Recommendation, overrule Plaintiff's objections, and dismiss Plaintiff's complaint without prejudice.[1]

**I.   BACKGROUND**

On October 9, 2013, Plaintiff filed a pro se complaint in this Court against Defendants the Pennsylvania Department of Labor and Industry, and supervisory officials Julia Hearthway, Alfonso Frioni, Jr., and William L. Trusky, Jr., alleging violations of both the United States and Pennsylvania Constitutions, and the Pennsylvania Workers' Compensation Act of 1915.  (Doc. No. 3 at 2.)  Prior to filing his complaint, Plaintiff pursued a claim for workers' compensation for

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations.  In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made.  28 U.S.C. § 636(b)(1).

1

an injury that occurred on May 20, 2004, which resulted in an appeal to the Pennsylvania Workers' Compensation Appeal Board in August 2013. (Id. at 3.) Plaintiff asserts that pursuant to his appeals hearing on August 6, 2013, he informed Commissioner Sandra Crawford that Workers' Compensation Board Judge Beverely Doneker, who originally presided over his claim for workers' compensation, had ex parte communications with Philip C. Keidel, and that Plaintiff's "signature on the compromise and release agreement was obtained fraudulently." (Id.) Plaintiff's complaint does not identify who Philip C. Keidel is in relation to Plaintiff's workers' compensation claim. Plaintiff contends that Defendants' decision not to grant him another hearing in light of the information he presented to Commissioner Crawford "was contrary to the PA Workers [sic] Compensation Act of 1915 . . . ." (Id.) Plaintiff thus states that he suffered an "intentional and reckless deprivation of [his] right to defend [his] life, liberty and property interest, when not being afforded due process and equal protection of all laws." (Id. at 4.) He seeks injunctive relief and compensatory damages of $50,000,000. (Id.)

On November 8, 2013, Defendants filed a motion to dismiss Plaintiff's complaint for failure to state a claim. (Doc. No. 9 at 1.) In their supporting brief, Defendants argue that the Court should abstain from hearing Plaintiff's federal claims, because his workers' compensation claim remains pending with the state agency. (Doc. No. 10 at 4.) Additionally, Defendants contend that the Eleventh Amendment to the United States Constitution prohibits Plaintiff's Section 1983 claim for damages against Defendants in their official capacities. (Id. at 10.) Defendants further argue that Plaintiff's claims against Defendants Hearthway, Frioni, and Trusky fail because Plaintiff has not alleged personal involvement by these Defendants, as required to state a Section 1983 claim. (Id. at 12.) Lastly, Defendants ask the Court to find that

granting leave to amend the complaint would be futile, because Plaintiff cannot overcome the barriers of Eleventh Amendment immunity or abstention. (<u>Id.</u> at 15.) Plaintiff filed a response to Defendants' motion, arguing that he is entitled to summary judgment on his claims. (Doc. No. 12.)

On April 23, 2014, Magistrate Judge Carlson issued a Report and Recommendation, recommending that the Court grant Defendants' motion to dismiss Plaintiff's complaint without prejudice. (Doc. No. 17 at 2.) Magistrate Judge Carlson recommends the Court find Plaintiff's claims fail for four reasons: (1) both the Eleventh Amendment's sovereign immunity and Section 1983's definition of "person" bar his claims against the Pennsylvania Department of Labor and Industry; (2) Plaintiff fails to state a claim against Defendants Hearthway, Frioni, and Trusky, because he has not pled that they were personally involved in the allegedly wrongful conduct; (3) the Pennsylvania Constitution does not permit Plaintiff's claims for monetary damages; and (4) Plaintiff's demand for a specific sum of damages pursuant to the United States Constitution and Section 1983 violates Local Rule 8.1 of the Middle District of Pennsylvania. (<u>See id.</u> at 7-15.) <u>See also</u> M.D. Pa. L.R. 8.1. Magistrate Judge Carlson recommends the Court dismiss Plaintiff's claims without prejudice, so that Plaintiff may make "one final effort . . . to comply with the rules governing civil actions in federal court." (<u>Id.</u> at 16.) On May 9, 2014, Plaintiff filed timely objections to the Report and Recommendation. (Doc. No. 17.)

## II. DISCUSSION

Plaintiff first objects to Magistrate Judge Carlson's characterization of his complaint as a challenge to the slow process for his appeal to the Pennsylvania Workers' Compensation Board, and argues that his claims are instead based on "Defendants unlawful taking of his Right of a

Fair and Impartial Hearing as provided under the First Amendment of the U.S. Const. [sic]" (Doc. No. 17 at 1.)  Plaintiff also asserts that his claims should not be dismissed pursuant to Rule 12)(b)(6) of the Federal Rules of Civil Procedure, because "a complaint should not be dismissed for failure to state a claim unless it appears beyond the doubt that Plaintiff can not [sic] prove any sets of facts in support of his claim which would entitle him to relief."  (Id. at 2.)  Presumably, Plaintiff intends to suggest that his complaint does not suffer from this insufficiency, and accordingly cannot be dismissed per Rule 12(b)(6).  Further, Plaintiff argues that the Eleventh Amendment does not prohibit suits against state actors sued in their official capacities for prospective relief.  (Id.)  Finally, Plaintiff summarily contends that he has stated a claim for "unlawful taking of his Liberty and Property Interest without Due Process of law and Equal Protection of laws," and is thus entitled to summary judgment.  (Id.)  However, Plaintiff did not move for summary judgment in his complaint, nor did he file any subsequent motion for summary judgment.  (See Doc. No. 3.)

       The Court finds that Plaintiff's objections are without merit, and fail to address the deficiencies outlined by Magistrate Judge Carlson's Report and Recommendation.  First, Plaintiff's contention that the Eleventh Amendment does not bar suits against state actors sued in their official capacities does not address the Eleventh Amendment's effect on suits for damages brought against state agencies such as the Pennsylvania Department of Labor and Industry, or the fact that a state agency is not a "person" within the meaning of Section 1983.  See Will v. Mich. Dep't. of State Police, 491 U.S. 58, 71 (1989).  (See also Doc. No. 17 at 2.)  The Court will adopt the recommendation that Plaintiff fails to state a claim against the Pennsylvania Department of Labor and Industry, because the Eleventh Amendment prohibits Plaintiff from

bringing a claim for monetary damages against a state agency, and because the Pennsylvania Department of Labor and Industry is not a "person" for purposes of Section 1983. See U.S. Const. amend. XI; Will, 491 U.S. at 71; Foster v. Pa. Human Relations Cmm'n, 157 F. App'x 488, 490 (3d Cir. 2005) (holding that the Eleventh Amendment provides the Pennsylvania Department of Labor and Industry immunity as a state agency). (See also Doc. No. 16 at 7-8.) Accordingly, Plaintiff's claims against the Pennsylvania Department of Labor and Industry will be dismissed without prejudice.

Next, the Court will adopt Magistrate Judge Carlson's recommendation that Plaintiff fails to state claims against Defendants Hearthway, Frioni, and Trusky. (See id. at 10.) Magistrate Judge Carlson recommends dismissal of Plaintiff's claims against these "supervisory official" Defendants because, to state a Section 1983 claim against supervisory officials, a plaintiff must allege the defendant's "personal involvement in the alleged wrongdoing," which Plaintiff has failed to do. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). (See also Doc. No. 16 at 10-11.) Plaintiff's objection merely states the legal standard for dismissal under Rule 12(b)(6), thereby suggesting he believes his complaint gave Defendants "fair notice of what the claim is and grounds upon which it rest [sic]." (Doc. No. 17 at 2.) However, as Magistrate Judge Carlson noted, Plaintiff "does little more than name the supervisory officials in the caption of the case, and then seek to hold those officials personally liable based upon the official's supervisory status without making any specific factual allegations about these defendants in the body of the pleading." (Doc. No. 16 at 12.) The Court agrees with Magistrate Judge Carlson's conclusion, and finds Plaintiff has failed to allege the personal involvement of Defendants Hearthway, Frioni, and Trusky as required to state a Section 1983 claim. See Rode, 845 F.2d at

1207.  Accordingly, the Court will adopt Magistrate Judge Carlson's recommendation and dismiss Plaintiff's claims against Defendants Hearthway, Frioni, and Trusky without prejudice.

Finally, Magistrate Judge Carlson recommends that the Court dismiss Plaintiff's claims for damages, because the Pennsylvania Constitution does not permit claims for monetary damages, and Plaintiff's demand for a specific sum of unliquidated damages via Section 1983 violates Middle District of Pennsylvania Local Rule 8.1.  (See Doc. No. 16 at 13-14.)  Plaintiff does not offer specific objections to these recommendations, and the Court finds no error in Magistrate Judge Carlson's conclusions.  Accordingly, the Court will adopt the recommendations, and dismiss Plaintiff's claims for monetary damages without prejudice.

## III.   CONCLUSION

Having found Plaintiff's objections without merit, the Court will adopt Chief Magistrate Judge Carlson's Report and Recommendation, grant Defendants' motion to dismiss, and dismiss Plaintiff's amended complaint without prejudice.  An order consistent with this memorandum follows.