THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT GARY, JR.,** | : | **CIVIL NO. 1:13-CV-2540** |
| | : | |
| **Plaintiff,** | : | **(Judge Kane)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **PENNSYLVANIA DEP'T OF LABOR** | : | |
| **& INDUSTRY, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**REPORT AND RECOMMENDATION**

**I.     Statement of Facts and of the Case**

This is a *pro se* civil rights action brought by Robert Gary, a litigant in an on-going state worker's compensation case.  Gary commenced this action by filing a complaint on October 9 2013. (Doc. 3.) Gary's *pro se* complaint was a spare document.  In it, he named the Pennsylvania Department of Labor and Industry, and three supervisory officials at this state agency, Julia Hearthway, Secretary, Alfonso Frioni, Chairman, and William Trusky, Secretary of the Board, as defendants.  (Id.) While Gary named these three supervisory officials as individual defendants in the caption of this case, the factual narrative in his complaint contained absolutely no reference to these defendants, or any actions taken by them with respect to Mr. Gary. (Id., p. 3.)  Instead, Gary simply seemed to generally critique and protest the pace of

decision-making in this state agency, a pace of decision-making which Gary contended violated his rights under the state and federal constitutions. (Id.) On the basis of these bare-bones assertions, Gary demanded $50,000,000 in damages from the defendants, along with other unspecified injunctive relief. (Id.)

The defendants filed a motion to dismiss this complaint, alleging that the complaint failed to state a cause of action upon which relief can be granted. (Doc. 9.) On April 23, 2014, we recommended that the motion to dismiss be granted and the plaintiff's complaint dismissed without prejudice to renewal of these claims in an amended complaint that complies with the requirements of federal law. (Doc. 16.) This Report and Recommendation was adopted by the district court on June 13, 2014, and Gary's complaint was dismissed without prejudice to the plaintiff filing an amended complaint within 20 days, or on or before July 3, 2014. (Doc. 19.)

This deadline has now passed without action by the plaintiff to further amend this complaint. On these facts, it is now recommended that the complaint be dismissed with prejudice.

## II.   Discussion

### A.   This Complaint Should Now Be Dismissed With Prejudice

While our initial merits analysis called for dismissal of this action, the Court provided Gary a final opportunity to further litigate this matter by endeavoring to

promptly file a proper amended complaint.  Having concluded that this *pro se*
complaint was flawed in multiple and profound ways, we followed this course
recognizing that in civil rights cases *pro se* plaintiffs often should be afforded an
opportunity to amend a complaint before the complaint is dismissed in its entirety, <u>see</u>
<u>Fletcher-Hardee Corp. v. Pote  Concrete Contractors</u>, 482 F.3d 247, 253 (3d Cir.
2007), unless it is clear that granting further leave to amend would be futile, or result
in undue delay.  <u>Alston v. Parker</u>, 363 F.3d  229, 235 (3d Cir. 2004).

Thus, in this case, Gary was given this opportunity to further amend his
complaint, but has now forfeited this opportunity through his inaction.  In this
situation, where a wholly deficient complaint is dismissed without prejudice but the
*pro se* plaintiff refuses to timely amend the complaint, it is well within the Court's
discretion to dismiss the complaint with prejudice given the plaintiff's refusal to
comply with Court directives.  Indeed, the precise course was endorsed by the United
States Court of Appeals for the Third Circuit in <u>Pruden v. SCI Camp Hill</u>, 252 F.
App'x 436, 438 (3d Cir. 2007).  In <u>Pruden</u>, the appellate court addressed how district
judges should exercise discretion when a *pro se* plaintiff ignores instructions to amend
a complaint.  In terms that are equally applicable here the court observed that:

> The District Court dismissed the complaint without prejudice and
> allowed [the *pro se* plaintiff] twenty days in which to file an amended
> complaint.  [The *pro se* plaintiff] failed to do so.  Because [the *pro se*
> plaintiff] decided not to amend his complaint in accordance with the
> Federal Rules of Civil Procedure, we conclude that the District Court did

not abuse its discretion when it dismissed [the *pro se* plaintiff's] complaint with prejudice. <u>See</u> <u>In re Westinghouse Securities Litigation</u>, 90 F.3d 696, 704 (3d Cir.1996). The District Court expressly warned [the *pro se* plaintiff] that the failure to amend his complaint would result in dismissal of the action with prejudice. "[I]t is difficult to conceive of what other course the court could have followed." <u>Id.</u> (quoting <u>Spain v. Gallegos</u>, 26 F.3d 439, 455 (3d Cir.1994)).

<u>Pruden v. SCI Camp Hill</u>, 252 F. App'x 436, 438 (3d Cir. 2007).

Therefore, it is recommended that the complaint be dismissed with prejudice as frivolous for failure to state a claim without further leave to amend.

## III.   <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint be dismissed with prejudice as frivolous for failure to state a claim and this case be closed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only

– 4 –

in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 9th day of July, 2014.

**_S/Martin C.  Carlson_**
Martin C. Carlson
United States Magistrate Judge
